IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　　Plaintiff,<br><br>and<br><br>SUSAN WILLIAMS,<br>　　　　　Plaintiff-Intervenor,<br><br>v.<br><br>ANGEL MEDICAL CENTER, INC.,<br>　　　　　Defendant. | Civil Action No: 2:13-cv-00034<br><br>CONSENT DECREE |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act, 42 U.S.C. § 12117(a) ("ADA"), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Angel Medical Center, Inc. ("Defendant") discriminated against Susan Williams by failing to provide her with a reasonable accommodation for her disability, cancer, and by terminating Williams' employment because of her disability. Thereafter, Susan Williams intervened, through counsel, alleging violations of the ADA and state law.

The Commission, Plaintiff-Intervenor, and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of the ADA. Likewise, in entering this Consent Decree the Commission does not disavow the allegations in

its Complaint.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA, including by failing to provide a reasonable accommodation or discharging an employee based on his or her disability.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Eighty-Five Thousand Dollars ($85,000) in settlement of the claims raised in this action. Defendant shall make payment as follows:

> A. To Susan Williams, the sum of Thirty-One Thousand Three Hundred Twenty Dollars ($31,320), less applicable state and federal holding deductions, representing any wages, salary, employment benefits, back pay, front pay, vacation benefits, or any other compensation or other remuneration owed or alleged to be owed to Williams at the time of the execution of this Consent Decree. Defendant shall make payment by issuing a check payable to "Susan Williams." Defendant agrees to execute an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations.

B. To Susan Williams, the sum of Thirty-Three Thousand Six Hundred Eighty Dollars ($33,680) in settlement of her claims for compensatory damages and reimbursement of expenses related to her allegations. Defendant shall make payment by issuing a check payable to "Susan Williams." Defendant agrees to execute an IRS Tax Form 1099-MISC to Williams reflecting the amount paid to Williams at the appropriate time pursuant to IRS regulations. The parties agree that no portion of this payment listed in this paragraph represents wages, back pay, front pay, or any other earnings.

C. To Hyler & Lopez, PA, the sum of Twenty-Thousand Dollars ($20,000) representing attorneys' fees and expenses. Defendant shall make payment by issuing a check payable to "Hyler & Lopez, PA" as counsel for Williams. Defendant agrees to issue an IRS Tax Form 1099-MISC to Hyler & Lopez, PA, reflecting these attorneys' fees and costs, at the appropriate time pursuant to IRS regulations.

Defendant shall make the above payments within ten (10) days after the Court approves this Consent Decree. Defendant shall mail the checks payable to Ms. Williams at an address to be provided by the Commission. Defendant shall mail the check payable to Hyler & Lopez, PA to Stephan P. Agan, Esq., Hyler & Lopez, PA, 38 Orange Street, Asheville, NC 28801. Within ten (10) days after the checks have been sent, Defendant shall report compliance with this provision to the Commission. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Susan Williams may or may not incur on the above payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the personnel file and personnel records of Susan Williams any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2012-00822 and the related events that occurred thereafter. Additionally, Defendant shall change all references in its paper and computerized personnel records for Susan Williams (a) from "terminated" to "voluntarily resigned," and (b) to

reflect that Williams is eligible for rehire.  Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission by providing the Commission copies of both the original and revised personnel records whereon said changes have been made.

     5.     Within thirty (30) days of the entry of this Decree by the Court, Defendant shall revise, implement, and distribute its "Disability Accommodation Process" policy, attached hereto as Exhibit B, to include the following: (a) a statement that an employee or job applicant may initiate a request for a reasonable accommodation orally or in writing; (b) a statement that request for a reasonable accommodation may be initiated by a family member, health professional, or other representative on behalf of the employee or job applicant; (c) a statement that an individual's oral request will start the reasonable accommodation process; (d) a statement defining a "request for accommodation" as any statement that an individual needs an adjustment or a change at work or in the application process for a reason related to a medical condition; and (e) a statement that a modified work program may be a reasonable accommodation.  If Defendant requires an employee or job applicant to complete a reasonable accommodation request form for recordkeeping purposes, the form shall be attached to the revised "Disability Accommodation Process" policy.

Defendant shall distribute to each current employee a copy of the policy within forty-five (45) days of the entry of this Consent Decree.  Within fifty (50) days of the entry of this decree, Defendant shall report compliance to the Commission.  During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

     6.     During the term of this decree, Defendant shall post a copy of the revised policy

described in paragraph 5, *supra*, in all of their facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the revised policy and notify the EEOC that it has been posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of the ADA, including the provision of reasonable accommodations to qualified persons with disabilities. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5, above, and an explanation of the rights and responsibilities of employees, supervisors, and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. The agenda should contain sufficient detail to show that the items mentioned immediately above (in this paragraph) will be included in the training. If the agenda meets this requirement, Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached

Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. Identify each individual who requested an accommodation for a disability or impairment, including by way of identification each person's name, address, telephone number, position, date of accommodation request, accommodation requested, whether the request was granted, and what, if any, accommodation was provided to the individual;

    B. for each individual identified in response to 9.A. above who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted and identify all individual(s) involved in the decision regarding the accommodation request; and

    C. identify each employee discharged during the reporting period who at any time since the entry of the Consent Decree requested an accommodation for a disability or impairment, and state the date of and reason for discharge and identify all individual(s) involved in the decision regarding the discharge.

Defendant agrees that within forty-eight (48) hours of a request by the Commission, Defendant shall provide social security numbers for individuals identified in paragraph 9.A above, as requested by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, upon forty-eight (48) hours notice to Defendant by sending an e-mail to Martin

Wadewitz, Regional Risk Manager, at marty.wadewitz@msj.org, the Commission may inspect Defendant's facility, interview employees and examine and copy documents. No notice shall be required with respect to compliance review for postings identified in paragraphs 6 and 8 *supra*.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. This Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

**IT IS SO ORDERED.**   Signed: December 4, 2014

Martin Reidinger
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **SUSAN WILLIAMS, Plaintiff-Intervenor** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**s/Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202

KARA GIBBON HADEN (NC Bar 26192)
Supervisory Trial Attorney

**s/Amy E. Garber**
AMY E. GARBER (VA Bar 37336)
Senior Trial Attorney
Email: amy.garber@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Charlotte District Office
200 Granby Street, Suite 739
Norfolk, VA 23510
Telephone:  (757) 441-3134
Facsimile:    (757) 441-6720

**ATTORNEYS FOR PLAINTIFF**

**SUSAN WILLIAMS, Plaintiff-Intervenor**

**s/ Stephan P. Agan**
STEPHAN P. AGAN (NC Bar 35763)
Email: stevea@hylerlopez.com
GEORGE B. HYLER, JR. (NC Bar 5682)
Email: george@hylerlopez.com
HYLER & LOPEZ, P.A.
38 Orange St.
Asheville, NC 28801
Telephone:  (828) 254-1070
Facsimile:    (828) 254-1071

**ATTORNEYS FOR PLAINTIFF-INTERVENOR**

**ANGEL MEDICAL CENTER, INC., Defendant**

**s/Jonathan Yarbrough**
JONATHAN YARBROUGH (NC Bar 21316)
CONSTANGY, BROOKS & SMITH, LLP
84 Peachtree Rd., Suite 230
Asheville, NC 28803
Telephone:   (828) 277-5137
Facsimile:     (828) 277-5138
Email: jyarbrough@constangy.com

**ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>Plaintiff,<br><br>v.<br><br>ANGEL MEDICAL CENTER, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No: 2:13-cv-00034<br><br>**<u>EMPLOYEE NOTICE</u>** |

      This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC) and Angel Medical Center, Inc. ("Angel Medical Center") in a case of discrimination based on disability. Specifically, the EEOC alleged that Angel Medical Center failed to provide an employee with a reasonable accommodation and discharged the employee because of the employee's disability, all in violation of the Americans with Disabilities Act (the "ADA"). As part of the settlement, Angel Medical Center agreed to pay monetary damages and to take other actions set out in the Consent Decree resolving this matter.

      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The ADA specifically prohibits discrimination based on an individual's disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

      Angel Medical Center will comply with such federal laws in all respects. Furthermore, Angel Medical Center will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

      Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the EEOC.
DO NOT REMOVE THIS NOTICE UNTIL: _____                     **EXHIBIT**